1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney

E-filing

3:06-cr-00024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CR No. 06 0119 |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 922(b)(3) – Sale of Firearm to Out-of-State Resident |
| v. | ) 18 U.S.C. § 922(b)(5) – Sale of Firearm Without Proper Record-keeping |
| CHRISTOPHER ADAM NEWMAN, | ) |
| Defendant. | ) SAN FRANCISCO VENUE |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By: _____ Deputy Clerk
Date:

INFORMATION

The United States Attorney charges:

COUNT ONE: (18 U.S.C. § 922(b)(3))

On or about March 6, 2001, in the Northern District of California and elsewhere, the defendant,

CHRISTOPHER ADAM NEWMAN,

being a licensed federal firearms dealer, willfully did sell and deliver to Shane Miller, a 9mm Beretta semi-automatic pistol, Serial Number Y2K0452, knowing and having reasonable cause to believe, that Shane Miller, at the time of the sale and delivery of such firearm, did not reside in the State in which the licensee's place of business was located, in violation of Title 18 United

INFORMATION

1 | States Code Section 922(b)(3).
2 | COUNT TWO: (18 U.S.C. § 922(b)(5))
3 |     On or about March 6, 2001, in the Northern District of California, the defendant,
4 |                 CHRISTOPHER ADAM NEWMAN,
5 | being a licensed federal firearms dealer, did sell and deliver to Shane Miller, a 9mm Beretta
6 | semi-automatic pistol, Serial Number Y2K0452, without noting in the records required by law,
7 | the name, age, and place of residence of the person to whom he sold and delivered such firearm,
8 | in violation of Title 18 United States Code Section 922(b)(5).

DATED: February 24, 2006

KEVIN V. RYAN
United States Attorney

_____
JONATHAN SCHMIDT
Deputy Chief, Major Crimes Section

(Approved as to form( *Om Newny* )
                 AUSA NERNEY

INFORMATION                             2

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court 

**NORTHERN** DISTRICT OF **CALIFORNIA**

UNITED STATES OF AMERICA

V.

Christopher Adam Newman

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 3 05 70535

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Count One: On or about ____March 6, 2001____ in ____Humboldt____ county, in the ____Northern____ District of ____California____ defendant(s) did, (Track Statutory Language of Offense)

Christopher Adam Newman, being a licensed federal firearms dealer, did sell and deliver to Shane Miller, a 9mm Beretta pistol, Ser. No. Y2K0452, knowing and having reasonable cause to believe, that Shane Miller, at the time of the sale, did not reside in the State in which the licensee's place of business was located in violation of Title 18 United States Code Section 922(b)(3). Count Two: On or about March 6, 2001, in the Northern District of California, the defendant Christopher Adam Newman, being a licensed fedeal lfirearms dealer, did sell and deliver to Shane Miller a 9mm Beretta pistol, Ser. No. YK0452, without noting in the required records, the name, age and place of residence of the person to whom he sold and delivered such firearm

in violation of Title ____18____ United States Code, Section(s) ____922(b)(5).____

I further state that I am a(n) ____Special Agent, Bureau of A.T.F____ and that this complaint is based on the following
Official Title

facts:

See Attached Affidavit

Penalty: Count One: Up to 5 years Imprisonment, $250,000 fine & 3 years supervised release.
CountTwo: Up to 5 years imprisonment, $250,000 fine & 3 years supervised release.

Continued on the attached sheet and made a part hereof:  ☒ Yes    ☐ No

Approved As To Form: _____ AUSA: D.M. Nerney

_____ Name/Signature of Complainant:    Special Agent Kelly M. Neiss

Sworn to before me and subscribed in my presence,

July 6 2005
Date

at    San Francisco, California
    City and State

Edward M. Chen
Magistrate Judge
Name & Title of Judicial Officer

_____ Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, Kelly M. Niess, being duly sworn, depose and state that:

1. I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosive since May 20, 2001. I have attended the Criminal Investigator School and the Bureau of Alcohol, Tobacco, Firearms, and Explosives National Academy at the Federal Law Enforcement Training Center where I received training in Federal Firearms Violations. Prior to my employment as a Special Agent, I was employed by the City of Novato where I worked as a police officer for approximately ten years. While employed with the City of Novato, I worked assignments in the Patrol Division and the Investigative Division. Prior to working with the City of Novato, I was employed with the Marin County Sheriff's Department where I worked as a Deputy Sheriff in the Custody Division for approximately one year and eight months. During my career in law enforcement, I have been involved in numerous firearm investigations to include illegal possession/trafficking of firearms.

2. This affidavit is in support of a criminal complaint charging Christopher Adam NEWMAN (hereinafter referred to as "**NEWMAN**") with violations of Title 18, United States Code, Section 922 (b)(3), and Title 18 United States Code, Section 922(b) (5). Title 18 United States Code Section 922 (b)(3) reads in part: "It shall be unlawful for an licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in the State in which the licensee's place of business is located, except that this paragraph (A) shall not apply to the sale or delivery of any rifle or shotgun to a resident of a State other than a State in which the licensee's place of business is located if the transferee meets in person with the transferor to accomplish the transfer, and the sale, delivery, and receipt fully comply with the legal conditions of sale in both such states."

3. Title 18, USC Section 922 (b)(5), reads in part: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm or armor-piercing ammunition to any person unless the licensee notes in his records, required to be kept pursuant section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity."

4. In order to implement Title IV-State Firearms Control Assistance of the Omnibus Crime Control Safe Streets Act of 1968, the Secretary of Treasury has

1



promulgated certain regulations, which are published in Title 27 of the Code of Federal Regulations, part 178. Those regulations include the following:

 A) 27 C.F.R. subsection 178.29 reads in part: "No person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, shall transport into or receive in the state where the person resides any firearm purchased or otherwise obtained by such person outside that State;"

 B) 27 C.F.R. subsection 178.50 reads in part: The license covers the class of business or the activity specified in the license at the address specified therein. A separate license must be obtained for each location at which firearms or ammunition business or activity requiring a license under this part is conducted."

 C) 27 C.F.R. subsection 178.52 reads in part: Licensees may during the term or their current license remove their business activity to a new location at which they intend regularly to carry on such business or activity by filing an Application for an Amended Federal Firearms License, ATF Form 5300.38, in duplicate, not less that 30 days prior to such removal with the Chief, National Licensing Center;"

 D) 27 C.F.R. subsection 178.52(a) reads in part: "A licensed importer, licensed manufacturer, or licensed dealer shall not sell or otherwise dispose, temporarily or permanently, of any firearm to any person, other than another licensee, unless the licensee records the transaction on a firearms transaction record, Form 4473;"

[ATF Form 4473, Firearms Transaction Record (revised 10-98) requires the buyer to complete Section A, which in part asks for the buyer's name, residence address, and birth date. Section A also requires the buyer to answer the following questions:

9a- Are you the actual buyer of the firearm indicated on this form?
9b- Are you under the indictment or information in any court for a crime for which a judge could imprison you for more than one year?
9c- Have you been convicted in any court of a crime for which the Judge could have imprisoned you for more that one year, even if the judge actually gave you a shorter sentence?
9k- Have you been convicted in any court of a misdemeanor crime domestic violence?
9l- Are you a citizen of the United States?
9m- What is your State of residence?

At the bottom of Section A is a certification, which reads in part: I certify that the above answers are true and correct. I understand that a person who answers, "yes" to question 9b is prohibited form purchasing a firearm. I understand that a person who answers "yes" to any of the questions 9c through 9k is prohibited from purchasing a firearm. I also understand that the making of a false oral or written statement or the exhibiting of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony.]

E) 27 C.F.R. subsection 178.52(b) reads: "A licensed importer, licensed manufacturer, or licensed dealer shall retain in alphabetical (by date of disposition), or numerical (by transaction serial number) order, and as a part of the required records, each Form 4473 obtained in the course of transferring custody of the firearms." All original 4473 forms are kept on the business premises.

F) 27 C.F.R. subsection 178.125(e) reads in part: "Except as provided in subsection 178.124a with respect to alternate records for the receipt and disposition of firearms by dealers, each licensed dealer shall enter into a record each receipt and disposition of firearms. In addition, before commencing or continuing a firearms business, each licensed dealer shall inventory the firearms possessed for such business and shall record same in the record required by this paragraph. The record required by this paragraph shall be maintained in bound form (also known as the Acquisition and Disposition book or A&D Book]....The record shall show the date of receipt, the name and address or the name and license number of the person from whom received, the name of the manufacturer and importer (if any), the model, serial number, type, and the caliber or gauge of the firearm. The sale or other disposition of a firearm shall be recorded by the licensed dealer not later than 7 days following the date of such transaction. When such disposition is made to a nonlicensee, the firearms transaction record, Form 4473, obtained by the licensed dealer shall be retained....The record shall show the date of the sale or other disposition of each firearm, the name and address of the person to whom the firearm is transferred;"

G) 27 C.F.R. subsection 178.102 reads in part: "...a licensed importer, licensed manufacturer, or licensed dealer (the licensee) shall not sell, deliver, or transfer a firearm to any other person who is not licensed under this part unless the licensee meets the

3

following requirements: (1) Before the completion of the transfer, the licensee has contacted NICS; (2) (I) NICS informs the licensee that it has no information that receipt of the firearm by the transferee would be in violation of Federal or State law and provides the licensee with a unique identification number..."

H) 28 C.F.R. subsection 25.2 provides a definition for NICS which reads: "NICS means the National Instant Criminal Background Check System, which an FFL must, with limited exceptions, contact for information on whether receipt of a firearm by a person who is not licensed under 18 U.S.C 923 would violate Federal or State law.

I) 28 C.F.R. subsection 25.2 provides a definition for Point of Contact (POC), which reads in part: "POC means a state or local law enforcement agency serving as an intermediary between an FFL and the federal databases check by the NICS. A POC will receive NICS background check requests from FFLs, check state and local record systems, perform NICS inquiries, determine whether matching records provide information demonstrating that an individual is disqualified from possessing a firearm under Federal or state law, and respond to FFLs with the results of a NICS background check..." [The Oregon State Police Instant Check System, since December 8, 2000, has been the point of contact (POC) for all firearm transactions in the State of Oregon. Prior to December 8, 2000, and after July 1, 1996, The Oregon State Police Instant Check System was the POC for handgun purchases in the State of Oregon and NICS was utilized for all long gun transactions in the State of Oregon. The California Department of Justice is the POC for all firearms transactions in the State of California and has been since 1991.] The information contained herein is based on my review of the reports and files in this case.

5. During the course of this investigation, ATF S/A Dennis Downs reviewed **NEWMAN'S** application and file maintained by ATF, which revealed that Christopher Adam **NEWMAN** was issued Federal Firearms License Number 9-68-015-01-2M-37311 under the name "The Practical Precision Shooter" on November 4, 1993, with an address of 1247 Home Ave., Fortuna, California, 95540. S/A Downs contacted the ATF National Licensing Center and learned that on December 2, 1999, they received a request for a change of business address from **NEWMAN** reflecting a new business address of 15889 Sunset Strip # 7, Oregon, 97415, effective December 21, 1999. **NEWMAN** was issued a new Federal Firearms License number 9-93-015-01-2M-00036 pursuant to the change of business address. **NEWMAN'S** Federal Firearms License was valid until December 1, 2002. When **NEWMAN** requested his business address to be

4

changed to the location of 15889 Sunset Strip #7, Oregon, 97415, he could no longer legally sell firearms to residents in the state of California.

6. On March 6, 2001, agents of the Drug Enforcement Administration (DEA) served a federal search warrant at the residence of Shane Miller, located at 43701 N. Highway 101, Laytonville, Mendocino County, California. S/A Downs was advised that pursuant to the execution of the search warrant and subsequent search, DEA agents found the following item:

   a) Berretta, model 92FS, 9mm pistol, serial number Y2K0452. According to the National Tracing Center's Firearms Trace Summary, this firearm was shipped to "The Practical Precision Shooter", 15889 Sunset Strip # 7, Brookings, Oregon on May 26, 2000.

   A query of the California Department of Justice's [POC] Automated Firearms System and the Oregon State Police [POC] Instant check System revealed no record of the aforementioned firearm.

7. A review of Shane Miller's criminal history revealed on January 11, 1994, in the Municipal Court of Eureka Judicial District, County of Humboldt, State of California, Shane Miller pled guilty to one count of cultivation of Marijuana, a felony in violation of Section 11358 of the Health and Safety Code of the State of California. Miller was subsequently sentenced to three years in state prison, suspended, and three years probation.

8. On February 13, 1996, in the Superior and Municipal Court of Humboldt County, State of California, Shane Miller entered a plea of nolo contendere to one count of hit and run driving, causing injury, a felony in violation of Section 20001 of the Vehicle Code of the State of California. Miller was subsequently sentenced to eight months state prison, suspended, and three years probation.

9. On March 6, 2001, agents of the DEA and Humboldt County Drug Task Force served a federal search warrant at the residence of Zachary Stone, located at 138 Madrone St., Redway, California. On June 28, 2005, I conducted a driver's license check which listed Stone's residence as 138 Madrone St., Redway, California, 95560. Stone is now deceased. During the service of the search warrant at Stone's residence in March of 2001, S/A Downs took into custody the following firearms from the residence:

   a) Beretta, model 92, 9mm pistol, serial number BER185059. According to the ATF National Tracing Center's Firearms Trace Summary, this firearm was shipped to "The Practical Precision Shooter", 15889 Sunset Strip # 7, Brookings, Oregon on June 15, 2000.

5

b) Beretta model 92, 9mm pistol, serial number BER168583. According to the ATF National Tracing Center's Firearms Trace Summary, this firearm was shipped to "The Practical Precision Shooter" 15889 Sunset Strip # 7, Brookings, Oregon on October 18, 1999.

c) Beretta, model 92, "Border Marshal", 9mm pistol, serial number BER118627. According to the ATF National Tracing Center's Firearms Trace Summary, this firearm was shipped to "The Practical Precision Shooter", 15889 Sunset Strip # 7, Brookings, Oregon on June 20, 2000.

d) Beretta, model 21, .22 caliber pistol, serial number DAA078792. According to the National Tracing Center's Firearms Trace Summary, this firearm was shipped to "The Practical Precision Shooter", 15889 Sunset Strip # 7, Brookings, Oregon on October 16, 1999.

A query of the California Department of Justice's [POC] Automated Firearms System and the Oregon State Police [POC] Instant Check System revealed no record of the aforementioned firearms.

10. A criminal history check on Zachary Stone revealed a January 11, 1990, in the Municipal Court of Eureka Judicial District, County of Humboldt, State of California, Zachary Henry Stone pled guilty to (count one) burglary, a felony in violation of Section 459 of the Penal Code of the State of California, and (count five) receive/etc. known stolen property, a felony in violation of Section 496 of the Penal Code of the State of California. Stone was subsequently sentenced to two years state prison, suspended, as to count one, and 8 months state prison, suspended, and three years probation as to count five.

11. On February 19, 1992, in the Superior Court of California in and for the County of Mendocino, Zachary Henry Stone pled guilty to receiving stolen property, a felony in violation of section 496.1 of the Penal Code of the State of California. Stone was subsequently placed on probation for a period of three years.

12. On March 6, 2001, agents of the DEA served a federal search warrant on Mendocino County Assessor's Parcel numbers 12-71-50/51 and 12-64-16. Special Agent Bruce Balzano provided information, which states that, a sophisticated indoor marijuana cultivation operation, including a large capacity diesel tank was located. Found near the diesel tanks was a computer disk with the name Chris Newman, 1247 Home Ave., Fortuna, CA written on it.

13. On July 27, 2001, Special Agent Downs contacted Claudia Scott, Oregon State Police Firearms Unit Manager. At his request, Scott searched all of the firearms referred to in paragraphs 6 (a) and (9) (a-d) of this affidavit, as well as a search for an account in the name of "The Practical Precision Shooter". According to Scott,

6

all licensed firearm's dealers in the State of Oregon who sell firearms must have an account with the Oregon State Police in order to access the Instant Check System. Scott informed Special Agent Downs that the results of both searches were negative.

## INTERSTATE NEXUS

14. On August 3, 2001, Special Agent Downs spoke with Special Agent Thomas Cleary, Bureau of Alcohol, Tobacco, Firearms and Explosives, Firearms Interstate Nexus Expert. Special Agent Cleary determined that all firearms listed above were manufactured outside the State of California and therefore must have traveled in interstate commerce.

15. Under Title 18, United States Code, Section 922(b)(3), a firearms dealer in one state may not sell or transfer a handgun to a resident of another state. While "The Practical Precision Shooter" could have sold the handguns described herein to a Federally Licensed Firearms dealer in California, who in turn, could have sold the handguns to Shane Miller or Zachary Stone, such sale should appear in the California Automated Firearms System for the particular handgun. On June 27, 2005, I contacted Special Agent Downs, who advised that he had contacted California Department of Justice who conducted a check to determine that no such sales appeared in the California Automated Firearms System.

## CONCLUSION

16. On August 10, 2001, ATF agents served a federal search warrant at NEWMAN'S business address, 15889 Sunset Strip #7, Brookings, Oregon. During the service of this search warrant no business records (A&D book or 4473 Forms (Firearms Transaction Records) were located. On August 10, 2001, ATF agents served a federal search warrant at NEWMAN'S residence located at 1247 Home Ave., Fortuna, California. During the service of this search warrant, Special Agent Dennis Downs asked NEWMAN where his business records were located. NEWMAN told Special Agent Downs he had given up his license and sent some of his records to ATF in February of 2001 and that he had lost some of his records. Special Agent Downs then contacted the ATF Out-of-Business Records Section. Special Agent Downs was advised that at the time, NEWMAN'S license was current and that they had not received any records from NEWMAN.

17. Based on the foregoing evidence, there is probable cause to believe that Christopher NEWMAN was conducting business at his home residence in Fortuna, California and not at his licensed premises in Brookings, Oregon, as required. NEWMAN was engaged in sale/transfer of firearms to residents in the state of California while his business premises were located in the state of Oregon, a violation of Title 18, United States Code Section, 922(b)(3).

7

NEWMAN was also knowingly and unlawfully transferring firearms to prohibited individuals without documenting the disposition of such firearms in records as required by law, in violation of Title 18, United States Code, Section 922(b)(5).

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

_____
Kelly M. Niess
Special Agent

Subscribed and sworn to before me this
____ day of July, 2005, at San Francisco,
California.

_____
EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE