KEVIN V. RYAN (CASBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division
DENNIS MICHAEL NERNEY (CASBN 40989)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7251
   Facsimile: (415) 436-7234

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-0119 MMC |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| CHRISTOPHER ADAM NEWMAN | |
| Defendant. | |

     I, Christopher Adam Newman, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

     1.   I agree to plead guilty to count one of the captioned information charging me with the sale of a firearm to an out-of-state resident, in violation of 18 U.S.C. §922(b)(3) and count two of the captioned information charging me with the sale of a firearm without proper record-keeping, in violation of 18 U.S.C. §922(b)(5). I agree that the elements of the offenses and the maximum penalties are as follows:

PLEA AGREEMENT

Count One: (1) I was a Federally licensed firearms dealer at the time of the offense in March 2001; (2) that I willfully sold or delivered a 9mm Beretta pistol to Shane Miller in the State of California; and (3) at the time I sold or delivered the pistol to Shane Miller, I knew or had reasonable cause to believe that he did not reside in the State of Oregon in which my place of business was located.

Count Two: (1) I was a Federally licensed firearms dealer at the time of the offense in March 2001; (2) that I sold or delivered a 9mm Beretta pistol to Shane Miller in the State of California; and (3) thereafter, I willfully failed to record the name, age and place of residence of Shane Miller in the records required to be kept by law.

Both offenses to which I intend to plead guilty carry the following possible punishment:

|   |                                |                |
|---|--------------------------------|----------------|
| a.| Maximum prison sentence        | five years     |
| b.| Maximum fine                   | $250,000.00    |
| c.| Maximum supervised release term| three years    |
| d.| Mandatory special assessment   | $ 100.00       |

2. I agree that I am guilty of the offenses to which I will plead guilty, and I agree that the following facts are true: In 1993, I lived in Fortuna, California, and I obtained a federal Class I firearms dealer's license from the Bureau of Alcohol, Tobacco and Firearms (BATF) which allowed me to sell pistols, rifles, and shotguns in the State of California. I did business under the name of "The Practical Precision Shooter" with the BATF registered business address of 1247 Home Avenue, Fortuna, California. In 1999, I applied to the BATF to change my place of business to my parents' home in Brookings, Oregon, and I was issued a new Class I federal firearms dealer's license which allowed me to sell pistols, rifles, and shotguns in the State of Oregon. As a federally licensed firearms dealer, I was aware, among other things, of the following restrictions and obligations in the sale of firearms:

(1) I was required to see that any prospective purchaser of a firearm filled out the multi-copy ATF Form 4473 which asks for the purchaser's name, residence address, and birth date and then requires the purchaser to answer questions about felony and other convictions that would

disqualify the purchaser from obtaining the firearm. The ATF Form 4473 also requires the purchaser to list his "State of Residence." The purchaser must then sign a certification that his answers are true and correct and that he or she understands that a false answer is a crime punishable as a felony. As the federal firearms licensee making the sale of the firearm, I was required to maintain the original ATF Form 4473 at my BATF approved place of business.

(2) As a licensed federal firearms dealer, I was also required to maintain a bound record called an "Acquisition and Disposition Book" or "A&D Book" in which I was obligated to record each sale of a firearm with, among other things, the date of the sale, a complete description of the firearm including its serial number, and the name and address of the purchaser. I was also required to maintain my Acquisition and Disposition Book at my BATF approved place of business..

(3) As a licensed federal firearms dealer, I was also obligated to cause an inquiry to be made with the National Instant Criminal Background Check System (NCIS) to determine if the prospective purchaser had any criminal conviction or other disqualifying condition that would preclude or prohibit the sale of the firearm. Such inquiry is made through a " point of contact" or "POC" which is a state or local law enforcement agency which serves as an intermediary between the firearms dealer and the federal databases checked by the NICS. I was aware that the Oregon State Police Instant Check System was the point of contact for the sale of pistols in that state in 2001 and that the California Department of Justice was the point of contact for all firearms transactions in that state in 2001.

     I have known Shane Miller since approximately 1998 and had visited his residence in Southern Humboldt County, California approximately six times between August 2000 and March 2001. I have always known him to be a resident of the State of California and at no time a resident of the State of Oregon. I also knew that Shane Miller had been convicted of a felony and could not legally own a pistol.

     On or about May 26, 2000, I obtained a 9mm Beretta Model 92FS semi-automatic pistol, Serial Number Y2K0452, which was shipped to "The Practical Precision Shooter" at my parents' home in Brookings, Oregon which was my BATF approved place of business since 1999. On or about March 6, 2001, I delivered that pistol to Shane Miller at his home in Southern Humboldt

PLEA AGREEMENT                         3

1  County, California. I did not provide or require Shane Miller to fill out an ATF Form 4473 to
2  record this transaction, and I did not enter the details of the transfer of the weapon in my bound
3  Acquisition and Disposition Book. I also failed to cause an inquiry to be made with the National
4  Instant Criminal Background Check to see if Shane Miller was disqualified from acquiring the
5  9mm Beretta pistol. I knew that I was breaking federal law when I sold the 9mm Beretta pistol to
6  Shane Miller because he was not a resident of the State of Oregon. I also knew that I was breaking
7  federal law when I did not require Shane Miller to fill out and sign an ATF Form 4473 recording
8  the sale of the weapon. Finally, I was also aware that my failure to record the sale in my
9  Acquisition and Disposition Book which I was obligated to maintain at my place of business in
10 Oregon was also a violation of federal law.

11       3.    I agree to give up all rights that I would have if I chose to proceed to trial,
12 including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine
13 government witnesses; to remain silent or testify; to move to suppress evidence or raise any other
14 Fourth or Fifth Amendment claims; to any further discovery from the government and to future
15 DNA testing of any physical evidence in the government's possession; and to pursue any
16 affirmative defenses and present evidence.

17       4.    I agree to give up my right to appeal my convictions, the judgment, and orders of
18 the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,
19 including any orders relating to forfeiture and/or restitution.

20       5.    I understand that under 18 U.S.C. § 3600, I have the right, under certain
21 circumstances, to post-conviction DNA testing of evidence in the government's possession in
22 support of a claim that I am actually innocent of the offenses to which I am pleading guilty under
23 this plea agreement. I agree to waive my right to post-conviction DNA testing and my right to file
24 a petition under 18 U.S.C. § 3600 to compel that testing.

25       6.    I agree not to file any collateral attack on my convictions or sentence, including a
26 petition under 28 U.S.C. §2255, at any time in the future after I am sentenced, except for a claim
27 that my constitutional right to the effective assistance of counsel was violated.

28       7.    I agree not to ask the Court to withdraw my guilty pleas at any time after it is (they

are) entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this agreement if the Court does not accept the agreed upon sentence set out below.

      8.   I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

      a.   Base Offense Level, U.S.S.G. § 2K2.1:  12

      b.   Acceptance of responsibility:         2
          (If I meet the requirements of
          U.S.S.G. § 3E1.1)

      C.   Adjusted offense level           10

      9.   I agree that a reasonable and appropriate disposition of this case is as follows: a year and a day of imprisonment, three years of supervised release with conditions to be fixed by the Court, any fine to be determined by the Court, and a $200.00 special assessment. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

      10.   I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this agreement, including those set forth in paragraphs 13 through 15 below, but I will not be released from my guilty pleas.

PLEA AGREEMENT                            5

11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

12. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

13. The government agrees to move to dismiss any open charges pending against the defendant at the time of sentencing.

14. The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned information.

15. The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 9 above, unless the defendant violates the agreement as set forth in paragraph 10 above or fails to accept responsibility.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Dated: February 3, 2006

Christopher Adam Newman
Defendant

PLEA AGREEMENT                                6

KEVIN V. RYAN
United States Attorney

Dated: February 16, 2006

*/s/ Dennis Michael Nerney*
Dennis Michael Nerney
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: ~~February~~ March 23, 2006

*/s/ Michael D. Dieni*
Michael D. Dieni
Attorney for Defendant

PLEA AGREEMENT                    7