Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ADAM NEWMAN,<br><br>　　　　　Defendant. | Case No. 3:06-cr-0024-HRH<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

　　　　　Defendant, Christopher Adam Newman, by and through counsel Michael Dieni, Assistant Federal Defender, submits the following sentencing memorandum.

　　　　　I.　　*Introduction*

　　　　　This is a case originating from the Northern District of California.  Mr. Newman cooperated with authorities every step of the way, resulting in a summons.  The parties eventually agreed to a Rule 20 transfer, pursuant to a Plea Agreement filed with the court.  The parties agreed that it is appropriate to sentence Mr. Newman to "a year and a day of imprisonment, three years of supervised release with conditions to be fixed by the

court, a fine to be determined by the court, and a $200 special assessment." Plea Agreement at 5.

The sentencing memorandum that follows is consistent with the terms of the Plea Agreement. The presentence report offers no basis to deviate from the terms of the Plea Agreement. Mr. Newman requests the court impose sentence consistent with the Plea Agreement.

II.   *Legal Framework Supports Plea Agreement*

Mr. Newman is convicted of two violations of 18 U.S.C. § 922, pursuant to an Information, alleging improprieties regarding the sale of a firearm. Count I alleges 18 U.S.C. § 922(b)(3) and Count II alleges 18 U.S.C. § 922(b)(5). Though separately charged, each count reflects a single event. The maximum penalty for a violation of 18 U.S.C. § 922(b) is five years. 18 U.S.C. § 924(a)(1). There is no mandatory minimum sentence. This is a Class D felony offense. 18 U.S.C. § 3581(b)(4). A sentence of probation is available for this offense. 18 U.S.C. § 3561(a). The court may, but is not required to, impose a fine. 18 U.S.C. § 3571(b)(3). The court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2).

The proposed Plea Agreement is consistent with the United States Sentencing Guidelines. The advisory United States Sentencing Guidelines suggest a sentence of from 10 to 16 months. PSR ¶ 70. The proposed sentence of 12 months and 1 day, therefore, is well within the scope of the recommended guideline.

All sentences after the case of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), must be analyzed in accord with the factors set forth at 18 U.S.C. § 3553(a). None of those factors warrant disturbing the terms of the Plea Agreement. The

primary sentencing mandate of § 3553(a) states that the court must impose the minimally sufficient sentence – not greater than necessary – to achieve the statutory purposes of punishment, justice, deterrence, incapacitation, and rehabilitation. In general, the court is called upon to consider the seriousness of the offense in conjunction with the background of the defendant.

These key issues are discussed as follows.

### III. *The Offense*

The offense alleges a single event, but is broken out into two statutory violations. First, Mr. Newman, a licensed firearms dealer, sold a gun from the State of Oregon to a man who resided in the State of California in violation of the terms of his authorization as a federally-licensed firearms dealer. Second, he did so without having recorded the name, age, and place of residence of the individual buying the gun, who was, in fact, a convicted felon. In the recitation of facts set forth in the Plea Agreement at 3, it is acknowledged that Mr. Newman knew that the purchaser was a convicted felon at the time he sold the gun. The presentence report adds relevant conduct facts suggesting additional that guns sold by Mr. Newman were found in the residence of a second individual, who was also a convicted felon.

### IV. *Mr. Newman's Background*

The events described above occurred approximately six years ago, at a time when Mr. Newman's live was relatively unstable. During this time he recorded a possession of marijuana misdemeanor conviction. PSR ¶ 41. After the events which form the basis for the present charge was discovered, Mr. Newman cooperated with police and left Northern California. He moved to Alaska in approximately September 2001. Exhibit A.

Since moving to Alaska, for the past five years, Mr. Newman has maintained a law-abiding life. Most recently, Mr. Newman has maintained steady employment with Mr. Lube in Wasilla. A letter from his current employer praises Mr. Newman's job performance over the past two years. Exhibit C.

In summary, all indications are that Mr. Newman has completely and unequivocally accepted responsibility and straightened his life. He has demonstrated throughout the majority of his life the ability to conduct himself in a productive and law-abiding manner.

There is no reason to believe that will change in the future. Mr. Newman's chief concern with regard to going to jail is not so much for himself, but for a step-daughter. A letter has been received, written by her, and it is attached as Exhibit B. She expresses her regret that Mr. Newman faces jail time in this case.

Although he has been steadily employed, he has not been able to save money. Accumulated debt warrants a finding, consistent with that recommended in the presentence report, that there be no fine imposed. PSR ¶ 67.

In summary, Mr. Newman comes before the court with virtually no criminal history, having lead, for the most part, a quiet and productive life. In this context, a sentence of 12 months and 1 day is a stiff sentence, certainly, at a minimum, meeting the punitive criteria set forth in 18 U.S.C. § 3553(a).

V.   *Place of Incarceration – Halfway House*

The Plea Agreement does not specify the location of that incarceration. Mr. Newman requests that the court consider recommending to the Bureau of Prisons that Mr. Newman be admitted to serve the 12 months and 1 day in a community corrections facility

(in Anchorage, the Cordova House), whereby Mr. Newman would be allowed to continue to be productive, maintain a job, and put himself in a stronger position to re-enter society in a smooth manner.

Recent case law establishes that the length of the sentence forms no bar to placement of a prisoner in a community corrections setting. *Fultz v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005).

In the alternative, Mr. Newman would request that the court recommend the camp at Sheridan, which is near the location where Mr. Newman's elderly parents reside.

VI.   *Conclusion*

Mr. Newman requests the opportunity to self-report to a designated facility to do a sentence of 12 months and 1 day. His cooperation and low risk of re-offense warrant placement in a halfway house or the camp at Sheridan.

DATED this 21st day of June, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

<u>Certification</u>:

I certify that on June 21, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Kevin Feldis, Esq.

and via facsimile on:

United States Probation/Pretrial Services
(907) 271-3060

/s/ Michael D. Dieni