PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

RECEIVED
FEB 11 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Christopher Adam Newman                Case Number: 3:06-CR-00024-HRH

Sentencing Judicial Officer:       H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:         April 19, 2002

Original Offense:                  Sale of Firearm to Out-of-State Resident in violation of 18 U.S.C. § 922(b)(3), and Sale of Firearm Without Proper Record-Keeping in violation of 18 U.S.C. § 922(b)(5)

Original Sentence:                 one year and one day incarceration on each of Counts 1 and 2, which terms ran concurrently and three years supervised release.

Date Supervision Commenced:        July 27, 2007

Asst. U.S. Attorney: Kevin Feldis               Defense Attorney: Michael Dieni

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not possess a firearm, destructive device, or any other dangerous weapon," in that on February 2, 2008, the defendant was found to be in possession of a compound bow. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on February 2, 2008, the defendant was found to be in possession of child pornography which is a state law violation under AS11.61.127, a class C felony. This violation is a Grade B violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Petition for Warrant or Summons
Name of Offender :     Christopher Adam Newman
Case Number         :        3:06-CR-00024-HRH

Respectfully submitted,

**REDACTED SIGNATURE**

Beth A. Mader
U.S. Probation/Pretrial Services Officer
Date: February 11, 2008

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**

Fd / H. Russel Holland
Senior U.S. District Court Judge

2-11-08
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-2-

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: 3:06-CR-00024-HRH |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| Christopher Adam Newman | ) | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Christopher Adam Newman, and in that capacity declare as follows:

On June 28, 2006, the defendant appeared with counsel before the Honorable H. Russel Holland, Senior U.S. District Court Judge, and pled guilty to Sale of Firearm to Out-of-State Resident in violation of 18 U.S.C. § 922(b)(3) and to Sale of Firearm Without Proper Record-Keeping in violation of 18 U.S.C. § 922(b)(5), both Class D felonies. The defendant was sentenced to one year and one day incarceration on each of Counts 1 and 2, which terms ran concurrently and three years supervised release. The defendant was released from custody on July 27, 2007.

On July 27, 2007, the defendant met with a U.S. Probation Officer and reviewed the defendant's conditions of supervised release. On December 13, 2007, Supervising Probation Officer Odegard conducted a home visit at the offender's residence and a discussion took place between the two regarding hunting with a bow and at this time the defendant was advised that it was considered a "dangerous weapon" and therefore prohibited by the conditions of supervision.

On February 7, 2008, Special Agents (SA) with the Immigration Custom Enforcement (ICE) conducted a search of the defendant's residence based on suspicion of the defendant posting child pornography on the internet. During the search of the defendant's residence, SA found child porn, bullets, and a compound bow, these items were seized and put into evidence.

Executed this 11th day of February, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Beth Mader
U.S. Probation Officer